RECEIVED
JUL 1 6 2012
MAHALA N. SALAZAR
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LOWNDES COUNTY
STATE OF MISSISSIPPI   FILED

ESTATE OF ELLA M. FULTON, Deceased
by and through LEON FULTON, Individually
and as the Administrator of the ESTATE OF ELLA
M. FULTON, for the use and benefit of the Heirs                                   PLAINTIFF

AUG 3 0 2012

DAVID CREWS, CLERK
By X Houston
      Deputy

VS.                                                                         CAUSE NO. 2012-0111-CVI C

AURORA HEALTH & REHABILITATION
(f/k/a Aurora Australis Lodge, LLC)
and JOHN DOES 1-5                                                             DEFENDANTS

1:12CV187-A-S

## COMPLAINT

**COMES NOW**, Leon Fulton, as the Administrator of the Estate of Ella M. Fulton, Deceased and on behalf of the Wrongful Death Beneficiaries of Ella M. Fulton (herein after referred to as "Plaintiff"), by and through undersigned counsel, and files this Complaint against, the Defendant Aurora Australis Lodge, Inc., by and through its agents or representatives, and John Does 1-5 ( hereinafter referred to as "Defendants"), and in support thereof, would show unto this Honorable Court the following, to wit:

### I.

Plaintiff is an adult citizen of Lowndes County, Mississippi and is the natural son of Ella M. Fulton, deceased who has been duly appointed as the Administrator of the Estate of Ella M. Fulton by the Lowndes County Chancery Court in Columbus, Mississippi. Plaintiff is entitled to bring this action against the Defendant for the damages that Ella M. Fulton suffered pursuant to MS Code §15-1-55 and §91-7-233.

### II.

Defendant, Aurora Health & Rehabilitation (f/k/a Aurora Australis Lodge, LLC), is a profit corporation licensed to conduct business in the State of Mississippi. It may be served with process upon its agent and/or administrator, David C. Seay, 310 Emerald Drive, Columbus, Mississippi 39702.

FILED
JUL 1 6 2012

Mahala N. Salazar
Circuit Clerk

-1-

### III.

Defendants John Does 1-5, are those whose names and identities Plaintiff does not know at this time, but will be named as party Defendants as soon as their names and identities become available through discovery.

### IV.

At all relevant times, the Defendants, upon information and belief, owned, occupied and managed the Aurora Australis Lodge, Inc., which is an organization designed to assist elderly citizens for long term nursing care and other related services for their residents.

### V.

At all time relevant hereto, the Defendant's had complete ownership and control of the premises, activities, methods, conditions, transactions or occurrence causing or contributing to the decedent's death.

### VI.

This Court has jurisdiction over this proceeding and pursuant to the provisions of the Mississippi Code Annotated §11-7-13 (Supp. 1996), this Court is an appropriate venue in that the cause of action occurred in Lowndes County, Mississippi.

### VII.

Ella M. Fulton was a resident of Aurora Health and Rehabilitation (f/k/a Australis Lodge, LLC.), located in Columbus, Mississippi and due to her age and medical conditions she was required to have total care by the Defendant.

On May 10, 2011, Plaintiff Ella M. Fulton was removed from her bed by one of the Defendants, nurses and/or caregiver. The Defendant's nurse and/or caregiver somehow allowed or caused Ella M. Fulton to fall on the floor thereby causing her to be seriously injured. Ella M. Fulton was unable to support herself and therefore fell on the floor. Immediately, Ella M. Fulton was transported to Baptist Memorial Hospital-Golden Triangle. During her initial

FILED

JUL 1 6 2012

*Mahulu M. Salazar*
Circuit Clerk

medical evaluation she underwent X-rays and it was revealed that she had a right fractured patella (closed). She was admitted to the general medical ward and was evaluated by Todd Fulcher, M.D. Ms. Fulton remained in the hospital for approximately six (6) days until her release on May 16, 2011.

Ms. Fulton was also evaluated by an orthopaedic surgeon, Gordon S. Jones, M.D. of the Columbus Orthopaedic Clinic. Dr. Jones diagnosed her with a supracondylar femur fracture. Dr. Jones's medical opinion was that Ms. Fulton would be at high risk for any surgical treatment and that the gain and risk-benefit would be unacceptable. Dr. Jones recommended that her condition be treated as a closed injury and put her in a non-weight bearing splint.

## VIII.

Ella M. Fulton while under the care and custody of the Defendant suffered injuries and damages as a direct and proximate cause of the carelessness and negligence of the Defendants as follows:

    a. Failure to keep the premises reasonably safe and failed to exercise reasonable care to remedy the condition;

    b. Failure to monitor Ella M. Fulton to prevent an unsafe and dangerous condition which then and there existed, which was known or should have been known by the Defendants;

    c. Defendants' employee(s) failed to adequately supervise, care for, and otherwise prevent Ella M. Fulton from falling, thereby causing the resulting injuries from such fall;

    d. Defendant negligently hired, trained, retained, and/or disciplined their agents, servants and/or employees charged with or otherwise rendering nursing home services to the Ella M. Fulton;

FILED

JUL 1 6 2012


Circuit Clerk

e. Defendant negligently or wantonly operated, staffed, maintained or controlled the nursing home facility which rendered services to Ella M. Fulton;

f. Failure to comply with 42 C.F. R. 483.13 © which states in part: "The facility must develop and implement written policies and procedures that prohibit mistreatment, neglect and abuse of residents....";

g. Failure to provide necessary protection to prevent injury and harm to a vulnerable adult who was physically incapable of meeting her own safety needs;

h. Failure to attend and treat the Plaintiff in an appropriate manner; and

i. Such other acts and omissions that shall become more apparent through the discovery of this matter.

### IX.

Plaintiff alleges that as a result of the aforementioned negligence, wanton and reckless conduct of the Defendants, and the aforesaid incident, that Ella M. Fulton sustained injuries and was diagnosed and treated for supracondy lar femur fracture and that due to her age and medical condition surgery Plaintiff Ella M. Fulton was not a good candidate for surgery. These injuries may have caused her death and definitely exacerbated and accelerated her death.

### X.

Although Ella M. Fulton complied with all the provision of the contract between her and the Defendants, both expressed and implied, written and oral, on their part, and having stood ready, willing and able to comply with such agreements, the Defendants, and each of their agents have breached said contract.

FILED

JUL 1 6 2012


Circuit Clerk

## XI.

The manner in which the Plaintiff was thrown to the floor evidenced a willful, wanton and/or reckless disregard for the rights of Ella M. Fulton, deceased and entitles the Plaintiffs to receive punitive damages in an amount sufficient to punish the Defendants for such conduct and deter it from committing similar acts in the future.

## XII.

The Defendants are vicariously liable for the actions of their employees, agents and/or servants who were acting as agents of for Defendant, Aurora Australis Lodge, Inc at the time the negligent act occurred while rendering care to the decedent.

## XIII.

That as a direct result of the Defendant's negligence, Ella M. Fulton's condition resulted in considerable pain, suffering and mental anguish, excess disability, causing the need for extensive medical care and also exacerbated and advancing her death.

## XIV.

That as a direct result of Defendant's negligence, Ella M. Fulton incurred significant medical and health care expenses.

## XV.

As a direct and proximate result of the negligent actions of the Defendants, by and through it's employees/servants/agents and carelessness from the standard of care Ella M. Fulton sustained injuries and her survivors are entitled to recover damages in an amount assessed by the jury, including but not limited to the following:

a. Excruciating pain and suffering;

b. Physical pain and discomfort;

c. Mental anguish;

d. Emotional and mental distress;

FILED

JUL 1 6 2012

Michele O. Holegan
Circuit Clerk


 e. Loss of enjoyment of life;

 f. Future past and present medical expenses and hospital bills;

 g.. Inconvenience;

 h. Punitive damages; and

 i. Other damages in a continuing nature.

## XVI.

Defendant owed Ella M. Fulton a duty to exercise ordinary care and make sure the nursing home was free from danger and that the premises be maintained at Aurora Australis Lodge, Inc.

## XVII.

The Defendant's negligence was the proximate cause of Ella M. Fulton's injuries, thereby causing her to suffer personal injuries, thereby causing her death.

## XVIII.

The Defendant's breached the duties delineated herein above thereby conttibuting to the death of the decedent.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff seeks judgment from the Defendants in the sum of no less than **$500,000.00** together with interest on the judgement at the legal rate until paid, punitive damages, reasonable attorney fees, cost of litigation and any other damages as allowed by law and all cost of court.

**\* The Plaintiff Hereby Demands a Trial by Jury.**

Respectfully submitted, this the 12th day of July, 2012.

        LEON FULTON, as the Administrator for
        the Estate of Ella M. Fulton, Deceased and
        for the benefit and use of the heirs, Plaintiff

        BY: _/s/ Monique Brooks Montgomery_
        Monique Brooks Montgomery
        MS Bar No. 10720
        Attorney for the Plaintiff

FILED

JUL 1 6 2012

Mohele M. Salazar
Circuit Clerk

Of Counsel:

**The Montgomery Law Firm, L.L.C**
814 2nd Avenue North
Columbus, Mississippi 39701
Telephone: (662) 327-0030
Facsimile : (662) 327-4433

FILED

JUL 1 6 2012


Circuit Clerk

-7-